# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

FRANKIE GROENKE,

        Petitioner,

    v.                                      Case No. 09-CV-0824

MICHAEL THURMER,

        Respondent.

## DECISION AND ORDER ON PETITIONER'S PETITION
## FOR A WRIT OF HABEAS CORPUS

On August 26, 2009, the petitioner, Frankie Groenke, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 1998 judgment of conviction in Waukesha County Circuit Court case no. 95CF738. He pled no contest to two charges of armed robbery by use of a dangerous weapon, party to a crime and intimidation of a victim, party to a crime. On July 2, 1998, the petitioner was sentence to consecutive twenty-five-year terms on counts one and two and concurrent five-year terms on counts three and four for a total sentence of fifty years. This sentence was concurrent to a previous seventy-year aggregate sentence which he received in Milwaukee County Circuit Court case no. 94CF4928 for one count of armed burglary and two counts of armed robbery. The judgment of conviction in case no. 95CF738 was entered on July 7, 1998.

The petitioner challenges his conviction on the ground of ineffective assistance of counsel. The petitioner asserts that he was denied effective assistance of trial counsel because counsel failed to file a motion to suppress evidence obtained in violation of his Fourth

Amendment rights. He also asserts that he was denied effective assistance of trial and post-conviction counsel because counsel failed to "obtain and review police reports in 'other acts' case that gives the defendant [sic] a 'description alibi' that shows the defendant [sic] is actually innocent . . . The 'other act' evidence was the 'only reason,' as stated on the record, that the Defendant [sic] took a plea, which now shows he is innocent." (Petition for a Writ of Habeas Corpus [Petition] at 7).

The court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the matter arises under federal statutes. Venue is proper under 28 U.S.C. §1391. The case was assigned according to the random assignment of civil cases pursuant to 28 U.S.C. § 636(b)(1)(B) and General Local Rule 72(a) (E.D. Wis.). The parties have consented to United States magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c) and General Local Rule 73 (E.D. Wis.).

## **APPLICABLE LAW**

The habeas corpus statute was amended by the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub.L. No. 104-132, 100 Stat. 1214 (1996) which provides in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). This provision entitles federal courts acting within their jurisdiction to interpret the law independently, but requires them to refrain from "fine tuning" state court interpretations. Lindh v. Murphy, 96 F.3d 856, 870-77 (7th Cir. 1996), rev'd on other grounds, 521 U.S. 320 (1997). "Thus, although this court reviews the state court's legal conclusions and mixed questions of law and fact de novo, that review is 'tempered by AEDPA's deferential constraints.'" Hereford v. McCaughtry, 101 F. Supp. 2d 742, 746 (E.D. Wis. 2000) (quoting Sanchez v. Gilmore, 189 F.3d 619, 623 (7th Cir. 1999)).

A state court's decision is "contrary to . . . clearly established Federal law as established by the United States Supreme Court" if it is "substantially different from relevant [Supreme Court] precedent." Washington v. Smith, 219 F.3d 620, 628 (7th Cir. 2000) (quoting Williams v. Taylor, 529 U.S. 362, 404-05 (2000)). The court of appeals for this circuit recognized the narrow application of the "contrary to" clause:

> under the "contrary to" clause of § 2254(d)(1), [a court] could grant a writ of habeas corpus . . . where the state court applied a rule that contradicts the governing law as expounded in Supreme Court cases or where the state court confronts facts materially indistinguishable from a Supreme Court case and nevertheless arrives at a different result.

Washington, 219 F.3d at 628. The court went on to explain that the "unreasonable application of" clause was broader and "allows a federal habeas court to grant habeas relief whenever the state court 'unreasonably applied [a clearly established] principle to the facts of the prisoner's case.'" Id. (quoting Williams, 529 U.S. at 413).

To be unreasonable, a state court ruling must be more than simply "erroneous" and perhaps more than "clearly erroneous." Hennon v. Cooper, 109 F.3d 330, 334 (7th Cir. 1997). Under the "unreasonableness" standard, a state court's decision will stand "if it is one of several equally plausible outcomes." Hall v. Washington, 106 F.3d 742, 748-49 (7th Cir. 1997).

In Morgan v. Krenke, the court explained that:

> [u]nreasonableness is judged by an objective standard and under the "unreasonable application" clause, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable."

232 F.3d 562, 565-66 (7th Cir. 2000) (quoting Williams, 529 U.S. at 410-11). Therefore, before a court may issue a writ of habeas corpus, it must determine that the state court decision was both incorrect and unreasonable. Washington, 219 F.3d at 628.

## **RELEVANT FACTUAL BACKGROUND**

The petitioner was charged in Waukesha County Circuit Court with the following crimes: (1) two counts of armed robbery in violation of Wis. Stat. § 943.32(2); and (2) two counts of intimidation of a victim in violation of Wis. Stat. § 940.45(3). The charges arose out of the search of the petitioner's residence which was conducted after the police executed an arrest warrant for the petitioner's roommate for an unrelated burglary. The police also had a search warrant for the roommate's car, as well as a list describing items taken in the burglary.

When the police arrived at the petitioner's residence, they asked his mother for consent to search the home. She signed a form giving her consent to search for "'[any] stolen stereo equipt. or contraband.'" (Answer to Petition for Writ of Habeas Corpus [Answer], Exh. E at 3). Police found and seized a wide variety of items, including "'pagers, radar detectors, jewelry, ammunition, compact discs, cassette tapes, hand tools, videotapes, CD players, telephones, headphones, handgun, knives, a Sega game system, a Nintendo game system, game cartridges, TVs, VCRs, stereo receivers, and stereo speakers." Id. The petitioner subsequently was charged with the aforementioned crimes. He pled no contest to the charges.

On February 16, 1997, the petitioner moved to withdraw his guilty plea in circuit court. On April 21, 1998, following a hearing on the motion, the circuit court denied the request. The petitioner filed a direct appeal from his judgment of conviction and the decision denying postconviction relief to the Wisconsin Court of Appeals. On appeal, the petitioner asserted that he should have been permitted to withdraw his guilty plea due to "ineffective assistance of trial counsel for failing to file a motion to suppress the results of an illegal search and seizure." Id.

On June 7, 2000, the Wisconsin Court of Appeals affirmed both the judgment of conviction and the order denying postconviction relief. Id. The court reasoned:

> Groenke contends that he was entitled to an evidentiary hearing on his motion seeking a **Machner** hearing for trial counsel's failure to move to suppress evidence. We disagree. A court may, in its discretion, deny a hearing on a postconviction motion if the defendant fails to allege sufficient facts in his or her motion to raise a question of fact, or if the record conclusively demonstrates that the defendant is not entitled to relief. *See* **State v. Bentley**, 201 Wis. 2d 303, 309-10 (1996). Here, the circuit court made that determination, and we cannot say that it erroneously exercised its discretion in doing so.
>
> As the circuit court made clear in its memorandum decision, the legality of the search had been determined in the evidentiary hearing held on Groenke's prior motion to withdraw his plea because of ineffective assistance of counsel. There, the court concluded that Groenke's mother voluntarily consented to the search. Groenke's later motion raises no new question of fact; this is a determination we make de novo. *See* **id.** at 310. Where such is true, the circuit court has the discretion to deny a postconviction motion without a hearing. *See* **id.** at 310-11. We cannot say that it erroneously exercised its discretion in doing so.
>
> . . .
>
> Given the nature of the crime that prompted the search, we conclude that the seized items, although not all stereo equipment, nevertheless clearly qualified as contraband and, therefore, were within the scope of the consent given. Contraband is not limited to items which are per se illegal: it also encompasses items which are acquired illicitly. *See* **Jones v. State**, 226 Wis. 2d 565, 593-95 (1999).

(Answer, Exh. E at 2-3). The petitioner filed a petition for review with the Wisconsin Supreme Court, which was denied on May 21, 2002. (Answer, Exh. G)

Subsequently, the petitioner filed several motions for post-conviction relief. On July 18, 2002, he filed a motion pursuant to Wis. Stat. § 974.06, claiming "ineffective assistance of trial and post-conviction counsel for failing to properly argue the identification suppression motion, for failing to file a motion pursuant to Franks v. Delaware, because a Det[ective] used information known to be false in an affidavit." (Petition at 4). On March 5, 2004, the Waukesha County Circuit Court denied the petition. The petitioner appealed, but ultimately withdrew the appeal. (Answer, Exh. K at 3).

On March 4, 2005, the petitioner filed a second Wis. Stat. § 974.06 motion in which he claimed "ineffective assistance of post-conviction counsel for failing to raise trial counsel's lack of effective assistance in the entry of the Defendant's pleas; for trial counsel's failure to obtain and review police reports in 'other acts' case that gives the defendant [sic] a 'description alibi' that shows it [sic] can't be the same person in both crimes." (Petition at 5). On November 19, 2007, the Waukesha County Circuit Court denied the petitioner's motion. On April 14, 2009, the Wisconsin Court of Appeals affirmed the circuit court's ruling. The court of appeals stated:

> Groenke . . . filed a new Wis. Stat. § 974.06. In this motion, which is the subject of this appeal, Groenke argued that the attorney who represented him in his first § 974.06 motion had been ineffective for failing to obtain and consider police reports relative to Groenke's first conviction in a separate county as a way of challenging the circuit court's "other acts" ruling. The circuit court held hearings, and the attorney in question testified that, contrary to Groenke's claim, he had obtained the police reports and he had used them in pursuing postconviction relief for Groenke. The circuit court denied the motion, reasoning, among other things, that the motion was barred by Escalona-Naranjo.
>
> We agree. Whether Escalona's procedural bar applies to a postconviction claim is a question of law entitled to independent review. State v. Tolefree, 209 Wis. 2d 421, 424 (Ct. App. 1997). Under Escalona, claims of error that could

> have been raised in the direct appeal or in a previous motion under Wis. Stat. §974.06 cannot be raised in a subsequent §974.06 motion unless the appellant offers a sufficient reason for failing to do so. State v. Lo, 2003 WI 107, ¶15, 264 Wis. 2d 1, 665 N.W.2d 756.
>
> Although Groenke argues – correctly – that ineffective assistance of counsel can constitute a sufficient reason for failing to have raised post-conviction issues previously, see State ex rel. Rothering v. McCaughtry, 205 Wis. 2d 675 (Ct. App. 1996), it does not follow that serial claims of ineffective counsel cannot be subject to the Escalona bar. Here, Groenke is raising for the third time a claim of ineffective assistance of counsel, a claim that involves the attorney who represented him in his first §974.06 motion. He offers no reason, much less a sufficient reason, for his failure to raise the claims underlying his motion in his prior postconviction motions and appeals.

Answer, Exh. K at 3-4. The petitioner filed a petition for review with the Wisconsin Supreme Court which the court denied August 17, 2009.

## **ANALYSIS**

As an initial matter, the respondent submits that the court should decline to review the merits of the petition because "a successful challenge to the convictions the petitioner is attacking will not shorten his time in custody since he is serving a longer concurrent sentence in a related case." (Respondent's Brief in Opposition to the Petition for Writ of Habeas Corpus [Respondent's Brief] at 1). The petitioner responds by asserting that Rule 5(b) precludes the court from applying the "concurrent-sentences" doctrine, as the respondent failed to address this issue in the answer to the petition and raised it only at the briefing stage. (Petitioner's Reply Brief in Support of his Petition for a Writ of Habeas Corpus [Petitioner's Reply Brief] at 3). The petitioner also contends that an attorney currently is "working to try and reduce [his] sentence." Id. However, as the respondent points out, the seventy-year sentence was upheld on direct appeal. (Respondent's Brief, Exh. B). Additionally, the petitioner challenged his Milwaukee

County convictions in a 28 U.S.C. § 2254 action, which United States District Court Judge Lynn Adelman dismissed as untimely. See id., Exh. C.

The concurrent-sentences doctrine is a discretionary bar to judicial review. Cheeks v. Gaetz, 571 F.3d 680, 689 (7th Cir. 2009). The Court of Appeals for the Seventh Circuit has stated that this doctrine "allows appellate courts to decline to review a conviction carrying a concurrent sentence when one 'concurrent' conviction has been found valid." Id. (quoting United States v. Kimberlin, 675 F.2d 866, 867 [7th Cir. 1982]). The court further stated that "[t]he proper exercise of this discretion depends on the degree of prejudice that may be attributed to the challenged conviction." Cheeks, 571 F.3d at 689 (quoting Cramer v. Fahner, 683 F.3d 1376, 1380 [7th Cir. 2007]).

Here, the petitioner is challenging a fifty-year sentence; however, he is serving this sentence concurrently with a seventy-year sentence he received in a previous case. Although the petitioner claims that an attorney is working to "try and reduce" his seventy-year sentence, his contention does not change the fact that the conviction was upheld on direct appeal. See Petitioner's Reply Brief at 3; Respondent's Brief, Exh. B. Moreover, the petitioner's reliance on Rule 5(b) of the Rules Governing Section 2254 Cases also is misplaced. Rule 5(b) states: "The answer must address the allegations in the petition. In addition, it must state whether any claim in the petition is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, or a statute of limitations." Here, the respondent has not failed to state whether the claim was barred by a "failure to exhaust state remedies, a procedural bar, non-retroactivity, or a statute of limitations." Rather, the respondent asks the court to apply a discretionary, not procedural, bar to the petitioner's claims.

Nevertheless, "a defendant is not serving concurrent sentences when he received a specific assessment for the particular count he challenges." Steffes v. Pollard, 663 F.3d 276 (7th Cir. 2011)(citing Ray v. United States, 481 U.S. 736, 737 [1987]). Here, the petitioner received a mandatory victim/witness surcharge assessment for each of his cases. In addition to this fact likely precluding application of the concurrent sentence doctrine, the respondent raised the doctrine late in the process. As the concurrent sentence doctrine is a discretionary doctrine, the court is not bound to apply it. In this case, the court will not apply the doctrine and will consider the merits of the petitioner's first ground for relief.

With respect to the first ground of the petition, ineffective assistance of trial counsel in failing to file a motion to suppress evidence obtained in violation of his Fourth Amendment rights, the respondent answered that the petitioner had procedurally defaulted the claim by failing to present it to the Wisconsin Supreme Court in his petition for review. In his brief in opposition to the petition for a writ of habeas corpus the respondent states "that the question of procedural default is not as cut-and-dried as he originally believed." (Respondent's Brief at 4). Although he did not withdraw his procedural default defense, the respondent did not brief it, either. The respondent maintains that even if the petitioner did not procedurally default this claim, the state courts did not unreasonably apply Strickland v. Washington, 466 U.S. 668 (1984) and, therefore, a violation of Fourth Amendment rights is insufficient to form the basis of a habeas corpus petition. Because the respondent did not argue procedural default with respect to this claim and because the court finds that the Wisconsin state courts did not unreasonably apply federal law, the court will not address whether the petitioner procedurally defaulted his ineffective assistance of trial counsel claim.

The respondent asserts that the court should dismiss the petitioner's claims of ineffective assistance of counsel because "the Wisconsin Court of Appeals' decision rejecting this claim was neither contrary to, nor an unreasonable application of, Strickland v. Washington, 466 U.S. 668 (1984)." (Respondent's Brief at 5-6). In response, the petitioner asserts that the Wisconsin Court of Appeals erred not in applying Strickland but in deciding that the search did not exceed the scope of his mother's consent.

In Strickland, the United States Supreme Court stated that the "benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." 466 U.S. at 686. Strickland is "clearly established Federal law, as determined by the Supreme Court of the United States." See Washington, 219 F.3d at 627-28. Pursuant to Strickland, a petitioner "must show that counsel's performance was deficient . . . [and] . . . the deficient performance prejudiced the defense." 466 U.S. at 687. "Unless the respondent makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." Id.

The first component of the Strickland test requires a petitioner to show that his trial counsel "made errors so serious that counsel was not functioning as 'counsel' guaranteed the respondent by the Sixth Amendment." Id. Under the second component, a petitioner "must show that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. A petitioner must show "that counsel's errors were so serious as to deprive the respondent of a fair trial, a trial whose result is reliable." Id. at 687. If the court determines that the petitioner has failed to satisfy either

component of the Strickland test, it need not address the other. See Chichakly v. United States, 926 F.2d 624, 630-31 (7th Cir. 1991).

Here, the petitioner must show that but for trial counsel's failure to move to suppress the evidence, the result of the proceeding would have been different. Strickland, 466 U.S. at 694. However, the petitioner has failed to show a reasonable probability that had trial counsel filed a motion to suppress the evidence would have been suppressed, he would have refrained from pleading no contest, and the outcome would have been different. See Id. at 687.

The petitioner also has failed to show that the court of appeals' rejection of his claim was "either contrary to, or involved an unreasonable application of" the performance and prejudice standards set out in Strickland. See, 219 F.3d at 628. While the trial court specifically found that the petitioner could not satisfy either prong of the Strickland test, the court of appeals did not explicitly address Strickland's test for ineffective assistance of counsel. Instead, it agreed with the trial court's determination that the search of the petitioner's residence was lawful. (Answer, Exh. E at 2). As the respondent points out, "the upshot of the decision was that because the search was lawful, trial counsel was not ineffective in failing to challenge it." (Respondent's Brief in Opposition at 5).

The petitioner asserts that "[t]he facts clearly show the officers who searched the Groenke residence exceeded the scope of the concent [sic] given . . . by seizing everything of value from the Groenke residence in the absence of probable cause, or even providing a reason." (Petitioner's Reply Brief at 9). The petitioner cites State v. Johnson, 522 N.W.2d 588, 589-90 (Wis. Ct. App. 1994), to support his contention that the search exceeded the scope of consent.

In <u>Johnson</u>, evidence was excluded when a police officer asked for consent to search for firearms and weapons in the petitioner's vehicle and proceeded to search the contents of a film canister. The consent given in <u>Johnson</u> was limited to "firearms and weapons." <u>Id.</u> In the present case, however, the petitioner's mother consented to a broader search, the search for contraband. Nevertheless, the petitioner asserts that the officers conducting the search exceeded the scope of his mother's consent, citing <u>Florida v. Jimeno</u>, 500 U.S. 248 (1991).

In <u>Jimeno</u>, the Court held that "[t]he standard for measuring the scope of a suspect's consent under the Fourth Amendment is that of 'objective' reasonableness – what would the typical reasonable person have understood by the exchange between the officer and the suspect?" 500 U.S. at 251. The Court explained that "[t]he scope of a search is generally defined by its expressed object." <u>Id.</u>

In his application of <u>Jimeno</u>, the petitioner asserts that "officer Neil Evans asked 'to search for 'stolen stereo equipment or contraband,' which a game system that isn't even reported stolen at the time isn't 'stolen stereo equipment or controband' [sic], despite officer Evans limiting the scope by expressly stating he was looking for items 'stolen from American T.V.'" (Petitioner's Reply Brief at 13). However, the petitioner does not address whether the court of appeals' construction of the term "contraband" was contrary to the "objective reasonableness" test. See <u>Jimeno</u>, 500 U.S. at 251. The consent form that the petitioner's mother signed limited the scope of the search to "stolen stereo equipment or contraband." Under the objective reasonableness test, a reasonable person would understand this phrase to include more than items stolen from American T.V., even if an officer told the consenting party that he was looking for items stolen from American T.V. See <u>Jimeno</u>, 500 U.S. at 251. This court cannot say that the Wisconsin Court of Appeals' decision upholding the search was

"contrary to, or involved an unreasonable application of," clearly established law regarding scope of consent. See id.; Washington, 219 F.3d at 628.

Finally, the petitioner cites Arizona v. Hicks, 480 U.S. 321 (1987), in support of his assertion that the Wisconsin Court of Appeals "completely ignore[d] the probable cause requirement, and implement[ed] [sic] a contraband standard." (Petitioner's Reply Brief at 10). In Hicks, officers entered an apartment after a bullet was fired through the residence. 480 U.S. at 323. The officers entered to secure the premises and look for victims and weapons. One of the officers found two sets of expensive stereo equipment in the apartment. He moved the stereo around and located and recorded its serial numbers. Based on the serial numbers, he later determined that the stereo was stolen. The Supreme Court excluded the evidence related to the stereo, holding that probable cause is required to invoke the plain view doctrine. Id. at 326. Thus, the court held that "[w]here the initial intrusion that brings the police within plain view of such [evidence] is supported . . . by one of the recognized exceptions to the warrant requirement," police may seize items in plain view if they have probable cause to believe the items are incriminating. Id.

The petitioner contends that pursuant to Hicks, the police officers in this case should not have seized items unless they had probable cause to identify them as contraband prior to seizing them. According to the petitioner, the officers did not identify the items as stolen (i.e., contraband) until two months after the search and, therefore, did not have probable cause to seize them. In this case, consent to search for "contraband" was given by the petitioner's mother. Because the petitioner's mother consented to the search, the issue in this case is not probable cause, but rather the scope of consent.

With respect to the second ground of the petition, ineffective assistance of trial and postconviction counsel in allegedly failing to obtain and review police reports in the case involving his Milwaukee County convictions, the respondent asserts that it should be dismissed because the petitioner procedurally defaulted it. Specifically, the respondent asserts that this ground is procedurally defaulted because the Wisconsin Court of Appeals denied it based on an independent and adequate state law ground. In response, the petitioner concedes that it is procedurally defaulted, but that he should be relieved from his procedural default under the fundamental-miscarriage-of-justice exception discussed in Schulp v. Delo, 513 U.S. 298 (1995).[1]

The court of appeals for this circuit has held that "if a state court's adjudication of a claim rests on an adequate and independent state procedural ground rather than the merits of the claim, the claim is procedurally defaulted and a federal court on collateral review will not disturb the state's judgment." Gray v. Hardy, 598 F.3d 324, 327-328 (7th Cir. 2010) (citing Dretke v. Haley, 541 U.S. 386, 392 [2004]).

Here, the Wisconsin Court of Appeals rejected the petitioner's ineffective assistance of counsel claim, holding that "claims of error that could have been raised in the direct appeal or in a previous motion under Wis. Stat. §974.06 cannot be raised in a subsequent § 974.06 motion unless the appellant offers a sufficient reason for failing to do so." (Answer, Exh. K at 2 [citing

---

[1] The petitioner did not address the respondent's assertion that the petitioner's ineffective assistance of postconviction counsel claim is not cognizable under 28 U.S.C. § 2254. The respondent maintains that the petitioner did not have a constitutional right to counsel during the Wis. Stat. § 974.06 motion proceedings and, therefore, did not have a right to effective assistance of counsel. A defendant is only entitled to the effective assistance of counsel through his first appeal of right. Evitts v. Lucey, 469 u.S. 387 (1985); Page v. Frank, 343 F.3d 901, 909 (7th Cir. 2003). Accordingly, the petitioner was not entitled to effective assistance of counsel during his Wis. Stat. § 974.06 motion proceedings and, therefore, the "petitioner cannot claim constitutional ineffective assistance of counsel in such proceedings." See Anderson v. Cowan, 227 F.3d 893, 901 (7th Cir. 2000). Thus, such a claim is not cognizable under 28 U.S.C. § 2254.

State v. Escalona-Naranjo, 517 N.W.2d 157, 162-63 (1994)]). The court found the petitioner's reasons for delay to be insufficient. See id.

Section 974.06, Wis. Stats., which limits collateral review in certain cases states that:

All grounds for relief available to a person under this section must be raised in his or her original, supplemental or amended motion. Any ground finally adjudicated or not so raised, or knowingly, voluntarily and intelligently waived in the proceeding that resulted in the conviction or sentence or in any other proceeding the person has taken to secure relief may not be the basis for a subsequent motion, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental or amended motion.

In Escalona-Naranjo, 517 N.W.2d at 161, the Wisconsin Supreme Court ruled that all grounds for relief under Wis. Stat. § 974.06, which provides a post-conviction procedure for correcting erroneous sentences, must be raised in the original, supplemental, or amended motion. The court further determined that if any grounds for relief have been finally adjudicated, waived, or not raised in a prior post-conviction motion, they may not become the basis for relief under Wis. Stat. § 974.06 unless the court ascertains that sufficient reason exists for either the failure to allege or to adequately raise the issue in the original, supplemental, or amended motion. Escalona-Naranjo, 517 N.W.2d at 161. In this case, the Wisconsin Court of Appeals decision "clearly and expressly" relied on procedural default as the basis of its decision. See Braun, 227 F.3d at 912.

Escalona-Naranjo was decided in 1994. The rule has been applied to find that subsequent post-conviction motions are barred. See State v. Tolefree, 209 Wis.2d 421, 426, 563 N.W.2d 175 (Wis. App. 1997). (Because "[the defendant] has offered no reason for his failure to bring these alleged errors to the trial court's attention at the time of the original postconviction motion," his claim was barred). Accordingly, the procedural rule the Wisconsin

Court of Appeals relied on to bar the petitioner's was "firmly established and regularly followed" and applied in a "consistent and principled way." See Braun, 227 F.3d at 912. Thus, the state court's decision finding procedural default constitutes an independent and adequate state ground and the second ground of the petitioner's petition is procedurally defaulted. See Gray, 598 F.3d at 327-328; Escalona, 517 N.W. 2d at 162-63.

Federal courts may only review defaulted claims if the petition shows cause for the failure to raise them at the appropriate time and actual prejudice which resulted from such failure. See Wainwright v. Sykes, 433 U.S. 72, 91 (1977). Absent such a showing, a defaulted claim is reviewable only if refusal to consider it would result in a "fundamental miscarriage of justice . . .," that is, where "a constitutional violation has probably resulted in the conviction of one who is actually innocent." Murray v. Carrier, 477 U.S. 478, 495-96 (1986) (internal quotations and citations omitted).

In this case, the petitioner has not addressed whether there is cause for the failure to raise the issue earlier and actual prejudice from his procedural default. See Wainwright, 433 U.S. at 91. In Schlup v. Delo, 513 U.S. 298 (1995), the Court set forth a test for determining whether the "fundamental-miscarriage-of-justice" exception applies. Pursuant to Schlup, a petitioner must show that "'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" Id. at 327 (quoting Murray v. Carrier, 477 U.S. 478, 496 [1986]). "To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in light of new evidence." Id. Thus, the petitioner must show that: (1) new evidence exists; and (2) no reasonable juror would have convicted him in light of the new evidence. Id. This standard "ensures that the petitioner's case is 'truly extraordinary.'" Id. (citing McCleskey v. Zant, 499 U.S. 467, 494 [1991]).

In this case, the petitioner asserts that the police reports in the Milwaukee County cases for which he was convicted after a jury trial amount to new reliable evidence with respect to his Waukesha County case. The petitioner further asserts that defense counsel failed to obtain the police reports prior to him entering his plea. The petitioner maintains that the fact that none of the victims in the Milwaukee County cases described him as looking Hispanic, while both of the victims in the Waukesha County case described him as Hispanic, is evidence making it more likely than not that no reasonable juror would have convicted him had he gone to trial in Waukesha County and introduced evidence from the Milwaukee County cases. Thus, according to the petitioner, the description of the perpetrator as Hispanic in the Waukesha County case shows that he is "actually innocent" of the crimes to which he pled no contest.

As the respondent asserts, the police reports from the Milwaukee cases are not new evidence as required by Schulp, 513 U.S. 298. The attorney who represented the petitioner when he entered his plea had the Milwaukee police reports in his possession prior to the plea hearing. See Answer, Exh. O at 18-20, 23, 26, 31-32. During a November 19, 2007, hearing on the petitioner's ineffective assistance claim, Waukesha County Circuit Court Judge Lee S. Dreyfus, Jr. explicitly noted that the discovery file contained more than forty pages of police reports relating to the description of the perpetrator. Id. at 20. The state judge considered this issue in depth at the petitioner's hearing. See id. Thus, the petitioner has not produced new evidence as required by Schlup. 513 U.S. at 327. The fundamental-miscarriage-of-justice exception is reserved for "extraordinary" circumstances. Schlup, 513 U.S. at 327 (citing McCleskey, 499 U.S. at 494). This is not such a circumstance.

Because the petitioner has not shown cause and prejudice for the default or that enforcing the default would result in a fundamental miscarriage of justice, this court concludes that the petitioner has procedurally defaulted the second ground of his petition.

In sum, the petitioner failed to show that the court of appeals' rejection of his first ground was "either contrary to, or involved an unreasonable application of" the performance and prejudice standards set out in Strickland. See, 219 F.3d at 628. Additionally, the petitioner procedurally defaulted the second ground of his petition. Therefore, the petitioner's petition for a writ of habeas corpus will be denied.

### **Certificate of Appealability**

Pursuant to the recently amended Rule 11(a) of the Rules Governing § 2254 Cases, the court must issue or deny a certificate of appealability "when it enters a final order adverse to the applicant." A certificate of appealability may only issue "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, the petitioner must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893, and n. 4).

When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484.

As the Court explained: "This construction gives meaning to Congress' requirement that a prisoner demonstrate a substantial underlying constitutional claims and is in conformity with the meaning of the 'substantial showing' standard provided in Barefoot, 463 U.S. at 893, n.4, and adopted by Congress in ADEPA." Slack, 529 U.S. at 484.

In this case, reasonable jurists would not find the court's decision to deny the petition on procedural or substantive grounds debatable or wrong. Thus, the court will deny a certificate of appealability as to all of the petitioner's claims.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that this petition for a writ of habeas corpus be and hereby is **denied.**

**IT IS FURTHER ORDERED** that this action be and hereby is dismissed.

**IT IS ALSO ORDERED** that the Clerk of Court shall enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 10th day of February, 2012.

        BY THE COURT:

        s/Patricia J. Gorence
        PATRICIA J. GORENCE
        United States Magistrate Judge